Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V-ESPECIAL

| | | |
|---|---|---|
| SUCESIÓN DE JOSEFA MARGARITA MORALES HERNÁNDEZ, JACQUELINE MARGUERITE GARCÍA MORALES, MARÍA DE LOS ÁNGELES GARCÍA MORALES y CARLOS JAVIER GARCÍA MORALES<br><br>Peticionarios<br><br>V.<br><br>DEBORAH LYNN LIZZA<br><br>Recurrida | KLCE202500089 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Mayagüez<br><br>Caso Núm.: MZ2023CV00776<br><br>Sobre: Remoción de Albacea, Designación de Administrador Judicial y Partición de Herencia |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de febrero de 2025.

Comparece la Sucesión de Josefa Margarita Morales Hernández, Jacqueline Marguerite García Morales, María De Los Ángeles García Morales y Carlos Javier García Morales (en adelante, parte peticionaria) mediante un *Recurso de Certiorari*, para solicitarnos la revisión de la *Resolución*, emitida el 8 de enero de 2025, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, Tribunal de Instancia y/o foro primario).[1] Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* una moción de reconsideración presentada por la parte peticionaria, luego de concluir que la misma no cumplía con las disposiciones de nuestro ordenamiento procesal civil, ni procedía conforme a derecho. Asimismo, mediante la

---

[1] Apéndice del recurso, a las págs. 1-16.

Número Identificador

RES2025_____

*Resolución* recurrida, el foro sentenciador declaró *No Ha Lugar* una moción solicitando enmienda a la demanda. Cabe resaltar que la solicitud de reconsideración presentada por la parte peticionaria fue sobre una *Resolución* emitida por el foro primario el 20 de mayo de 2024, y notificada al siguiente.[2] A través de la aludida *Resolución* el tribunal de instancia dejó sin efecto una orden protectora sobre un fideicomiso intitulado RGM Family Trust.

Inconforme con la referida determinación, la parte peticionaria acudió ante este Tribunal mediante un *Recurso de Certiorari*.

Sabido es que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[3] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. A esos efectos, aunque la Regla 52.1 de Procedimiento Civil permite que mediante auto de *Certiorari* intervengamos en ciertas cuestiones interlocutorias,[4] esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[5]

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que hubo un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las

---

[2] Apéndice del recurso, a las pág. 134-139.
[3] *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).
[4] 32 LPRA Ap. V, R. 52.1.
[5] 4 LPRA Ap. XXII-B, R.40.

Reglas de Procedimiento Civil,[6] y la Regla 40 del Reglamento de este Tribunal,[7] acordamos *denegar* la expedición del auto de *Certiorari*.

En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos. Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[8] la cual faculta a este Tribunal de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] 32 LPRA Ap. V, R. 52.1.
[7] 4 LPRA Ap. XXII-B, R. 40.
[8] 4 LPRA Ap. XXII-B, R.7 (B)(5).